FILED

'08 FEB 25 PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

COPY

1  COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
   MICHAEL J. DOWD (135628)
3  RAY A. MANDLEKAR (196797)
   655 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
   patc@csgrr.com
6  miked@csgrr.com
   rmandlekar@csgrr.com
7
   WARD & OLIVO
8  JOHN F. WARD
   JOHN W. OLIVO, JR.
9  DAVID M. HILL
   380 Madison Avenue
10 New York, NY 10017
   Telephone: 212/697-6262
11 212/972-5866 (fax)
   wardj@wardolivo.com
12 olivoj@wardolivo.com
   hilld@wardolivo.com
13
   Attorneys for Plaintiff

14

15                    UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17                         WESTERN DIVISION

18  BELLA BELLA, INC.,                )   VIA FAX
                                      )   No. CV08-01270 GAF
19                   Plaintiff,       )                    PJW
                                      )
20          vs.                       )   COMPLAINT FOR VIOLATION OF
                                      )   35 U.S.C. §1, et seq.
21  NEUTROGENA CORPORATION,           )
    JOHNSON & JOHNSON,                )
22  DERMANEW INC., SHARPER            )
    IMAGE CORPORATION,                )
23  PHYSICIANS FORMULA                )
    HOLDINGS, INC., PHYSICIANS        )
24  FORMULA COSMETICS, INC.,          )
    AMERICAN INTERNATIONAL            )
25  INDUSTRIES, GUTHY-RENKER          )
    CORPORATION, D/B/A YOUTHFUL       )
26  ESSENCE, STEARN'S PRODUCTS        )   DEMAND FOR JURY TRIAL
                                      )
27  [Caption continued on following page.]

28

1  INC., D/B/A DERMA E, L'ORÉAL
   S.A., L'ORÉAL USA, INC.,
2  LABORATOIRES GARNIER PARIS,
   GARNIER LLC, LANCÔME
3  PARFUMS ET BEAUTE & CIE,
   AVON PRODUCTS, INC., MARY
4  KAY, INC., GRAF SKIN CARE, INC.,
   D/B/A DR. JEANNETTE GRAF, M.D,
5  HOMEDICS-U.S.A., INC.,
   BORGHESE INC., PHOTOMEDEX,
6  INC., PROCYTE CORPORATION,
   D/B/A NEOVA, KAO BRANDS
7  COMPANY, D/B/A BIORE,
   TUPPERWARE BRANDS
8  CORPORATION, BEAUTICONTROL,
   INC., ABBE LABORATORIES, INC.,
9  GUINOT, LACHMAN IMPORTS,
   INC., D/B/A GUINOT USA, ESTÉE
10 LAUDER COMPANIES INC.,
   PRESCRIPTIVES INC., PETER
11 THOMAS ROTH, INC., PLATINUM
   SKIN CARE and COSMESIS
12 SKINCARE, INC.,

13                    Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     Plaintiff Bella Bella, Inc. ("Plaintiff" or "Bella Bella"), by and through its
2  undersigned counsel, files this Complaint against Neutrogena Corporation, Johnson &
3  Johnson, DermaNew Inc., Sharper Image Corporation, Physicians Formula Holdings,
4  Inc., Physicians Formula Cosmetics, Inc., American International Industries, Guthy-
5  Renker Corporation, d/b/a Youthful Essence, Stearn's Products Inc., d/b/a Derma e,
6  L'Oréal S.A., L'Oréal USA, Inc., Laboratoires Garnier Paris, Garnier LLC, Lancôme
7  Parfums et Beaute & Cie, Avon Products, Inc., Mary Kay, Inc., Graf Skin Care, Inc.,
8  d/b/a Dr. Jeannette Graf, M.D, HoMedics-U.S.A., Inc., Borghese Inc., PhotoMedex,
9  Inc., ProCyte Corporation, d/b/a Neova, Kao Brands Company, d/b/a Bioré,
10 Tupperware Brands Corporation, BeautiControl, Inc., ABBE Laboratories, Inc.,
11 Guinot, Lachman Imports Inc., d/b/a Guinot USA, Estée Lauder Companies Inc.,
12 Prescriptives Inc., Peter Thomas Roth, Inc., Platinum Skin Care and Cosmesis
13 Skincare, Inc. (collectively "Defendants") as follows:

14                                    **JURISDICTION AND VENUE**

15     1.     This action arises under the Patent Laws of the United States, 35 U.S.C.
16 §1, *et seq*., including 35 U.S.C. §§271, 281, 283, 284 and 285. This Court has subject
17 matter jurisdiction over this case for patent infringement under 28 U.S.C. §§1331 and
18 1338(a).

19     2.     The Court has personal jurisdiction over each of the Defendants because
20 each Defendant has minimum contacts within the State of California and the Central
21 District of California; each Defendant has purposefully availed itself of the privileges
22 of conducting business in the State of California and in the Central District of
23 California; each Defendant has sought protection and benefit from the laws of the
24 State of California; each Defendant regularly conducts business within the State of
25 California and within the Central District of California; and Plaintiff's claims arise
26 directly from Defendants' business contacts and other activities in the State of
27 California and in the Central District of California.

28

1      3.     More specifically, upon information and belief, each Defendant, directly

2 and/or through intermediaries (including distributors, retailers, and others), ships,

3 distributes, offers for sale, sells, and/or advertises its products in the United States, the

4 State of California, and the Central District of California. Upon information and

5 belief, each Defendant has purposefully and voluntarily placed one or more of its

6 infringing products, as described in Count I below, into the stream of commerce with

7 the expectation that it will be purchased by consumers in the State of California and in

8 the Central District of California. Such infringing products have been and continue to

9 be purchased by consumers in the State of California and in the Central District of

10 California. Each Defendant has committed the tort of patent infringement within the

11 State of California, and more particularly, within the Central District of California.

12      4.     Venue is proper in the Central District of California pursuant to 28

13 U.S.C. §§1391 and 1400(b).

14 **NATURE OF THE ACTION**

15      5.     This is a patent infringement action to stop each Defendant's

16 infringement of Bella Bella's United States Patent No. 6,290,976 entitled "Facial Skin

17 Dermabrasion Cleansing and Conditioning Composition" (the "'976 patent," a copy of

18 which is attached hereto as Exhibit A). Bella Bella is the owner and assignee of the

19 '976 patent. Bella Bella seeks injunctive relief and monetary damages.

20 **PARTIES**

21      6.     Plaintiff Bella Bella is a corporation organized and existing under the

22 laws of the State of New York, having a place of business at 515 South Flower Street,

23 36th Floor, Los Angeles, California 90071. Bella Bella is the assignee of all rights,

24 title, and interest in and to the '976 patent, including the right to sue for infringement

25 and recover past damages.

26      7.     Upon information and belief, defendant Neutrogena Corporation

27 ("Neutrogena") is a subsidiary of Johnson & Johnson, and is a corporation organized

28

- 2 -

1  and existing under the laws of the State of Delaware, with its principal place of
2  business located at 5760 West 96th Street, Los Angeles, California 90045.

3      8.    Upon information and belief, defendant Johnson & Johnson is a
4  corporation organized and existing under the laws of the State of New Jersey, with its
5  principal place of business located at One Johnson & Johnson Plaza, New Brunswick,
6  New Jersey 08933.

7      9.    Upon information and belief, defendant DermaNew Inc. ("DermaNew")
8  is a corporation organized and existing under the laws of the State of California, with
9  its principal place of business located at 9107 Wilshire Boulevard, Suite 600, Beverly
10  Hills, California 90210.

11      10.    Upon information and belief, defendant Sharper Image Corporation
12  ("Sharper Image") is a corporation organized and existing under the laws of the State
13  of Delaware, with its principal place of business located at 350 The Embarcadero, 6th
14  Floor, San Francisco, California 94105.

15      11.    Upon information and belief, defendant Physicians Formula Holdings,
16  Inc. ("Physicians Formula Holdings") is a corporation organized and existing under
17  the laws of the State of Delaware, with its principal place of business located at 1055
18  West 8th Street, Azusa, California 91702.

19      12.    Upon information and belief, defendant Physicians Formula Cosmetics,
20  Inc. ("Physicians Formula Cosmetics") is a subsidiary of Physicians Formula
21  Holdings, and is a corporation organized and existing under the laws of the State of
22  Delaware, with its principal place of business located at 1055 West 8th Street, Azusa,
23  California 91702.

24      13.    Upon information and belief, defendant American International
25  Industries ("A.I.I.") is a corporation organized and existing under the laws of the State
26  of California, with its principal place of business located at 2220 Gaspar Avenue, Los
27  Angeles, California 90040.

28

14.     Upon information and belief, defendant Guthy-Renker Corporation, d/b/a Youthful Essence ("Guthy-Renker") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 41-550 Eclectic Street, Suite 200, Palm Desert, California 92260.

15.     Upon information and belief, defendant Stearn's Products Inc., d/b/a Derma e ("Stearn's Products") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 4485 Runway Street, Simi Valley, California 93063.

16.     Upon information and belief, defendant L'Oréal S.A. is a corporation organized and existing under the laws of France, with its principal place of business located at 41 Rue Martre, 92117 Clichy, France.

17.     Upon information and belief, defendant L'Oréal USA, Inc. ("L'Oréal") is a subsidiary of L'Oréal S.A., and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 575 Fifth Avenue, New York, New York 10017.

18.     Upon information and belief, defendant Laboratoires Garnier Paris ("Laboratoires Garnier") is a subsidiary of L'Oréal S.A., and is a corporation organized and existing under the laws of France, with its principal place of business located at 41 Rue Martre, 92117 Clichy, France.

19.     Upon information and belief, defendant Garnier LLC ("Garnier") is a subsidiary of L'Oréal S.A., and is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 575 Fifth Avenue, New York, New York 10017.

20.     Upon information and belief, defendant Lancôme Parfums et Beaute & Cie ("Lancôme") is a subsidiary of L'Oréal S.A., and is a corporation organized and existing under the laws of France, with its principal place of business located at 29 Rue Du Faubourg Saint Honore, 75008 Paris, France.

- 4 -

21. Upon information and belief, defendant Avon Products, Inc. ("Avon") is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 1345 Avenue of the Americas, New York, New York 10105.

22. Upon information and belief, defendant Mary Kay, Inc. ("Mary Kay") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 16251 Dallas Parkway, Addison, Texas 75001.

23. Upon information and belief, defendant Graf Skin Care, Inc., d/b/a Dr. Jeannette Graf, M.D. ("Graf") is a corporation organized and existing under the laws of the Sate of New York, with its principal place of business located at 88 Bayview Avenue, Great Neck, New York 11021.

24. Upon information and belief, defendant HoMedics-U.S.A., Inc. ("HoMedics") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located 3000 Pontiac Trail, Commerce Township, Michigan 48390.

25. Upon information and belief, defendant Borghese Inc. ("Borghese") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 10 East 34th Street, 3rd Floor, New York, New York 10016.

26. Upon information and belief, defendant PhotoMedex, Inc. ("PhotoMedex") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 147 Keystone Drive, Montgomeryville, Pennsylvania 18936.

27. Upon information and belief, defendant ProCyte Corporation, d/b/a Neova ("ProCyte") is a subsidiary of PhotoMedex, and is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 8511 154th Avenue NE Redmond, Washington 98052.

1       28.     Upon information and belief, defendant Kao Brands Company, d/b/a
2   Bioré ("Kao") is a corporation organized and existing under the laws of the State of
3   Delaware, with its principal place of business located at 2535 Spring Grove Avenue,
4   Cincinnati, Ohio 45214.

5       29.     Upon information and belief, defendant Tupperware Brands Corporation
6   ("Tupperware") is a corporation organized and existing under the laws of the State of
7   Delaware, with its principal place of business located at 14901 South Orange Blossom
8   Trail, Orlando, Florida 32837.

9       30.     Upon information and belief, defendant BeautiControl, Inc.
10  ("BeautiControl") is a subsidiary of Tupperware, and is a corporation organized and
11  existing under the laws of the State of Delaware, with its principal place of business
12  located at 2121 Midway Road, Carrollton, Texas 75006.

13      31.     Upon information and belief, defendant ABBE Laboratories, Inc.
14  ("ABBE Labs") is a corporation organized and existing under the laws of the State of
15  New York, with its principal place of business located at 1095 Route 110,
16  Farmingdale, New York 11735.

17      32.     Upon information and belief, defendant Guinot is a corporation organized
18  and existing under the laws of France, with its principal place of business located at 1
19  Rue De La Paix, 75002 Paris, France.

20      33.     Upon information and belief, defendant Lachman Imports Inc., d/b/a
21  Guinot USA ("Lachman") is an importer of Guinot, and is a corporation organized
22  and existing under the laws of the State of New York, with its principal place of
23  business located at 230 Fifth Avenue, Suite 900, New York, New York 1001.

24      34.     Upon information and belief, defendant Estée Lauder Companies Inc.
25  ("Estée Lauder") is a limited liability company organized and existing under the laws
26  of the State of Delaware, with its principal place of business located at 767 Fifth
27  Avenue, New York, New York 10153.

28

- 6 -

1      35.    Upon   information   and   belief,   defendant   Prescriptives   Inc.
2 ("Prescriptives") is an Estée Lauder brand, and is a corporation organized and existing
3 under the laws of the State of Delaware, with its principal place of business located at
4 767 Fifth Avenue, New York, New York 10153.

5      36.    Upon information and belief, defendant Peter Thomas Roth, Inc. ("Peter
6 Thomas Roth") is a corporation organized and existing under the laws of the State of
7 New York, with its principal place of business located at 460 Park Avenue, 16th
8 Floor, New York, New York 10022.

9      37.    Upon information and belief, defendant Platinum Skin Care ("Platinum")
10 is a corporation organized and existing under the laws of the State of Michigan, with
11 its principal place of business located at 48774 Gratiot, Chesterfield, Michigan 48051.

12      38.    Upon information and belief, defendant Cosmesis Skincare, Inc.
13 ("Cosmesis") is a corporation organized and existing under the laws of the State of
14 Delaware, with its principal place of business located at 3816 Hollywood Boulevard,
15 Suite 205, Hollywood, Florida 33021.

16

## COUNT I

17

### Patent Infringement of U.S. Patent No. 6,290,976

18      39.    United States Patent No. 6,290,976, entitled "Facial Skin Dermabrasion
19 Cleansing and Conditioning Composition," was duly and legally issued by the United
20 States Patent and Trademark Office on September 18, 2001 after full and fair
21 examination. Bella Bella is the assignee of all rights, title, and interest in and to the
22 '976 patent, and possesses all rights of recovery under the '976 patent, including the
23 right to sue for infringement and recover past damages.

24      40.    Upon information and belief, defendant Neutrogena has infringed and
25 continues to infringe the '976 patent by making, using, providing, offering to sell, and
26 selling (directly or through intermediaries), in this District and elsewhere in the United
27 States, microdermabrasion products containing alumina. Upon information and belief,
28 defendant Neutrogena has also contributed to the infringement of the '976 patent,

- 7 -

1   and/or actively induced others to infringe the '976 patent, in this District and
2   elsewhere in the United States.   Further, defendant Neutrogena together with
3   defendant DermaNew filed a complaint against Spa Sciences, Inc., a licensee of Bella
4   Bella's '976 patent.  The suit was filed for infringement of U.S. Patent No. 6,652,888
5   (the "'888 patent") for using a vibrating sponge massaging pad together with its
6   licensed microdermabrasion product.  The '976 patent is cited as prior art to the '888
7   patent.  Upon information and belief, that litigation, and thereby Neutrogena, has
8   placed Bella Bella's licensee in great financial burden.

9      41.   Upon information and belief, defendant Johnson & Johnson has infringed
10  and continues to infringe the '976 patent by making, using, providing, offering to sell,
11  and selling (directly or through intermediaries), in this District and elsewhere in the
12  United States, microdermabrasion products containing alumina.  Upon information
13  and belief, defendant Johnson & Johnson has also contributed to the infringement of
14  the '976 patent, and/or actively induced others to infringe the '976 patent, in this
15  District and elsewhere in the United States.

16     42.   Upon information and belief, defendant DermaNew has infringed and
17  continues to infringe the '976 patent by making, using, providing, offering to sell, and
18  selling (directly or through intermediaries), in this District and elsewhere in the United
19  States, microdermabrasion products containing alumina.  Upon information and belief,
20  defendant DermaNew has also contributed to the infringement of the '976 patent,
21  and/or actively induced others to infringe the '976 patent, in this District and
22  elsewhere in the United States.  Upon information and belief, in an effort to license
23  the '976 patent to defendant DermaNew, Bella Bella had contacted defendant
24  DermaNew offering a license to the '976 patent, but failed in its efforts.  Therefore,
25  defendant DermaNew had actual knowledge of the '976 patent, and its continuing acts
26  of infringement constitute willful infringement of the '976 patent.  Further, defendant
27  DermaNew together with defendant Neutrogena filed a complaint against Spa
28  Sciences, Inc., a licensee of Bella Bella's '976 patent.   The suit was filed for

1  infringement of the '888 patent for using a vibrating sponge massaging pad together
2  with its licensed microdermabrasion product. The '976 patent is cited as prior art to
3  the '888 patent. Upon information and belief, that litigation, and thereby DermaNew,
4  has placed Bella Bella's licensee in great financial burden.

5       43.   Upon information and belief, defendant Sharper Image has infringed and
6  continues to infringe the '976 patent by making, using, providing, offering to sell, and
7  selling (directly or through intermediaries), in this District and elsewhere in the United
8  States, microdermabrasion products containing alumina. Upon information and belief,
9  defendant Sharper Image has also contributed to the infringement of the '976 patent,
10 and/or actively induced others to infringe the '976 patent, in this District and
11 elsewhere in the United States. Upon information and belief, in an effort to license
12 the '976 patent to defendant Sharper Image, Bella Bella had contacted defendant
13 Sharper Image offering a license to the '976 patent, but failed in its efforts. Therefore,
14 defendant Sharper Image had actual knowledge of the '976 patent, and its continuing
15 acts of infringement constitute willful infringement of the '976 patent.

16      44.   Upon information and belief, defendant Physicians Formula Holdings has
17 infringed and continues to infringe the '976 patent by making, using, providing,
18 offering to sell, and selling (directly or through intermediaries), in this District and
19 elsewhere in the United States, microdermabrasion products containing alumina.
20 Upon information and belief, defendant Physicians Formula Holdings has also
21 contributed to the infringement of the '976 patent, and/or actively induced others to
22 infringe the '976 patent, in this District and elsewhere in the United States.

23      45.   Upon information and belief, defendant Physicians Formula Cosmetics
24 has infringed and continues to infringe the '976 patent by making, using, providing,
25 offering to sell, and selling (directly or through intermediaries), in this District and
26 elsewhere in the United States, microdermabrasion products containing alumina.
27 Upon information and belief, defendant Physicians Formula Cosmetics has also
28

- 9 -

1   contributed to the infringement of the '976 patent, and/or actively induced others to
2   infringe the '976 patent, in this District and elsewhere in the United States.

3       46.    Upon information and belief, defendant A.I.I. has infringed and continues
4   to infringe the '976 patent by making, using, providing, offering to sell, and selling
5   (directly or through intermediaries), in this District and elsewhere in the United States,
6   microdermabrasion products containing alumina. Upon information and belief,
7   defendant A.I.I. has also contributed to the infringement of the '976 patent, and/or
8   actively induced others to infringe the '976 patent, in this District and elsewhere in the
9   United States. Upon information and belief, in an effort to license the '976 patent to
10  defendant A.I.I., Bella Bella had contacted defendant A.I.I. offering a license to the
11  '976 patent, but failed in its efforts. Therefore, defendant A.I.I. had actual knowledge
12  of the '976 patent, and its continuing acts of infringement constitute willful
13  infringement of the '976 patent.

14      47.    Upon information and belief, defendant Guthy-Renker has infringed and
15  continues to infringe the '976 patent by making, using, providing, offering to sell, and
16  selling (directly or through intermediaries), in this District and elsewhere in the United
17  States, microdermabrasion products containing alumina. Upon information and belief,
18  defendant Guthy-Renker has also contributed to the infringement of the '976 patent,
19  and/or actively induced others to infringe the '976 patent, in this District and
20  elsewhere in the United States.

21      48.    Upon information and belief, defendant Stearn's Products has infringed
22  and continues to infringe the '976 patent by making, using, providing, offering to sell,
23  and selling (directly or through intermediaries), in this District and elsewhere in the
24  United States, microdermabrasion products containing alumina. Upon information
25  and belief, defendant Stearn's Products has also contributed to the infringement of the
26  '976 patent, and/or actively induced others to infringe the '976 patent, in this District
27  and elsewhere in the United States. Upon information and belief, in an effort to
28  license the '976 patent to defendant Stearn's Products, Bella Bella had contacted

- 10 -

1 | defendant Stearn's Products offering a license to the '976 patent, but failed in its
2 | efforts. Therefore, defendant Stearn's Products had actual knowledge of the '976
3 | patent, and its continuing acts of infringement constitute willful infringement of the
4 | '976 patent.

5 |   49.   Upon information and belief, defendant L'Oréal S.A. has infringed and
6 | continues to infringe the '976 patent by making, using, providing, offering to sell, and
7 | selling (directly or through intermediaries), in this District and elsewhere in the United
8 | States, microdermabrasion products containing alumina. Upon information and belief,
9 | defendant L'Oréal S.A. has also contributed to the infringement of the '976 patent,
10 | and/or actively induced others to infringe the '976 patent, in this District and
11 | elsewhere in the United States.

12 |   50.   Upon information and belief, defendant L'Oréal has infringed and
13 | continues to infringe the '976 patent by making, using, providing, offering to sell, and
14 | selling (directly or through intermediaries), in this District and elsewhere in the United
15 | States, microdermabrasion products containing alumina. Upon information and belief,
16 | defendant L'Oréal has also contributed to the infringement of the '976 patent, and/or
17 | actively induced others to infringe the '976 patent, in this District and elsewhere in the
18 | United States. Upon information and belief, Lynn Luca, the president of Bella Bella,
19 | had communicated with a consulting dermatologist for defendant L'Oréal and
20 | provided samples of a product marketed under the '976 patent. Thereafter, defendant
21 | L'Oréal did not proceed to work with Bella Bella, but launched its own
22 | microdermabrasion products. Upon information and belief, in an effort to license the
23 | '976 patent to defendant L'Oréal, Bella Bella had contacted defendant L'Oréal
24 | offering a license to the '976 patent, but failed in its efforts. Therefore, defendant
25 | L'Oréal had actual knowledge of the '976 patent, and its continuing acts of
26 | infringement constitute willful infringement of the '976 patent.

27 |   51.   Upon information and belief, defendant Laboratoires Garnier has
28 | infringed and continues to infringe the '976 patent by making, using, providing,

1  offering to sell, and selling (directly or through intermediaries), in this District and
2  elsewhere in the United States, microdermabrasion products containing alumina.
3  Upon information and belief, defendant Laboratoires Garnier has also contributed to
4  the infringement of the '976 patent, and/or actively induced others to infringe the '976
5  patent, in this District and elsewhere in the United States.

6      52.    Upon information and belief, defendant Garnier has infringed and
7  continues to infringe the '976 patent by making, using, providing, offering to sell, and
8  selling (directly or through intermediaries), in this District and elsewhere in the United
9  States, microdermabrasion products containing alumina. Upon information and belief,
10 defendant Garnier has also contributed to the infringement of the '976 patent, and/or
11 actively induced others to infringe the '976 patent, in this District and elsewhere in the
12 United States.

13     53.    Upon information and belief, defendant Lancôme has infringed and
14 continues to infringe the '976 patent by making, using, providing, offering to sell, and
15 selling (directly or through intermediaries), in this District and elsewhere in the United
16 States, microdermabrasion products containing alumina. Upon information and belief,
17 defendant Lancôme has also contributed to the infringement of the '976 patent, and/or
18 actively induced others to infringe the '976 patent, in this District and elsewhere in the
19 United States.

20     54.    Upon information and belief, defendant Avon has infringed and
21 continues to infringe the '976 patent by making, using, providing, offering to sell, and
22 selling (directly or through intermediaries), in this District and elsewhere in the United
23 States, microdermabrasion products containing alumina. Upon information and belief,
24 defendant Avon has also contributed to the infringement of the '976 patent, and/or
25 actively induced others to infringe the '976 patent, in this District and elsewhere in the
26 United States.

27     55.    Upon information and belief, defendant Mary Kay has infringed and
28 continues to infringe the '976 patent by making, using, providing, offering to sell, and

1  selling (directly or through intermediaries), in this District and elsewhere in the United
2  States, microdermabrasion products containing alumina. Upon information and belief,
3  defendant Mary Kay has also contributed to the infringement of the '976 patent,
4  and/or actively induced others to infringe the '976 patent, in this District and
5  elsewhere in the United States.

6      56.     Upon information and belief, defendant Graf has infringed and continues
7  to infringe the '976 patent by making, using, providing, offering to sell, and selling
8  (directly or through intermediaries), in this District and elsewhere in the United States,
9  microdermabrasion products containing alumina.  Upon information and belief,
10  defendant Graf has also contributed to the infringement of the '976 patent, and/or
11  actively induced others to infringe the '976 patent, in this District and elsewhere in the
12  United States.  Upon information and belief, in an effort to license the '976 patent to
13  defendant Graf, Bella Bella had contacted defendant Graf offering a license to the
14  '976 patent, but failed in its efforts.  Therefore, defendant Graf had actual knowledge
15  of the '976 patent, and its continuing acts of infringement constitute willful
16  infringement of the '976 patent.

17      57.     Upon information and belief, defendant HoMedics has infringed and
18  continues to infringe the '976 patent by making, using, providing, offering to sell, and
19  selling (directly or through intermediaries), in this District and elsewhere in the United
20  States, microdermabrasion products containing alumina.  Upon information and belief,
21  defendant HoMedics has also contributed to the infringement of the '976 patent,
22  and/or actively induced others to infringe the '976 patent, in this District and
23  elsewhere in the United States.  Upon information and belief, in an effort to license
24  the '976 patent to defendant HoMedics, Bella Bella had contacted defendant
25  HoMedics offering a license to the '976 patent, but failed in its efforts.  Therefore,
26  defendant HoMedics had actual knowledge of the '976 patent, and its continuing acts
27  of infringement constitute willful infringement of the '976 patent.

28

- 13 -

1    58.    Upon information and belief, defendant Borghese has infringed and
2  continues to infringe the '976 patent by making, using, providing, offering to sell, and
3  selling (directly or through intermediaries), in this District and elsewhere in the United
4  States, microdermabrasion products containing alumina.  Upon information and belief,
5  defendant Borghese has also contributed to the infringement of the '976 patent, and/or
6  actively induced others to infringe the '976 patent, in this District and elsewhere in the
7  United States.  Upon information and belief, in an effort to license the '976 patent to
8  defendant Borghese, Bella Bella had contacted defendant Borghese offering a license
9  to the '976 patent, but failed in its efforts.  Therefore, defendant Borghese had actual
10  knowledge of the '976 patent, and its continuing acts of infringement constitute
11  willful infringement of the '976 patent.

12    59.    Upon information and belief, defendant PhotoMedex has infringed and
13  continues to infringe the '976 patent by making, using, providing, offering to sell, and
14  selling (directly or through intermediaries), in this District and elsewhere in the United
15  States, microdermabrasion products containing alumina.  Upon information and belief,
16  defendant PhotoMedex has also contributed to the infringement of the '976 patent,
17  and/or actively induced others to infringe the '976 patent, in this District and
18  elsewhere in the United States.

19    60.    Upon information and belief, defendant ProCyte has infringed and
20  continues to infringe the '976 patent by making, using, providing, offering to sell, and
21  selling (directly or through intermediaries), in this District and elsewhere in the United
22  States, microdermabrasion products containing alumina.  Upon information and belief,
23  defendant ProCyte has also contributed to the infringement of the '976 patent, and/or
24  actively induced others to infringe the '976 patent, in this District and elsewhere in the
25  United States.  Upon information and belief, in an effort to license the '976 patent to
26  defendant ProCyte, Bella Bella had contacted defendant ProCyte offering a license to
27  the '976 patent, but failed in its efforts.  Therefore, defendant ProCyte had actual
28

- 14 -

1 | knowledge of the '976 patent, and its continuing acts of infringement constitute
2 | willful infringement of the '976 patent.

3 |    61.    Upon information and belief, defendant Kao has infringed and continues
4 | to infringe the '976 patent by making, using, providing, offering to sell, and selling
5 | (directly or through intermediaries), in this District and elsewhere in the United States,
6 | microdermabrasion products containing alumina.  Upon information and belief,
7 | defendant Kao has also contributed to the infringement of the '976 patent, and/or
8 | actively induced others to infringe the '976 patent, in this District and elsewhere in the
9 | United States.

10 |    62.    Upon information and belief, defendant Tupperware has infringed and
11 | continues to infringe the '976 patent by making, using, providing, offering to sell, and
12 | selling (directly or through intermediaries), in this District and elsewhere in the United
13 | States, microdermabrasion products containing alumina.  Upon information and belief,
14 | defendant Tupperware has also contributed to the infringement of the '976 patent,
15 | and/or actively induced others to infringe the '976 patent, in this District and
16 | elsewhere in the United States.

17 |    63.    Upon information and belief, defendant BeautiControl has infringed and
18 | continues to infringe the '976 patent by making, using, providing, offering to sell, and
19 | selling (directly or through intermediaries), in this District and elsewhere in the United
20 | States, microdermabrasion products containing alumina.  Upon information and belief,
21 | defendant BeautiControl has also contributed to the infringement of the '976 patent,
22 | and/or actively induced others to infringe the '976 patent, in this District and
23 | elsewhere in the United States.

24 |    64.    Upon information and belief, defendant ABBE Labs has infringed and
25 | continues to infringe the '976 patent by making, using, providing, offering to sell, and
26 | selling (directly or through intermediaries), in this District and elsewhere in the United
27 | States, microdermabrasion products containing alumina.  Upon information and belief,
28 | defendant ABBE Labs has also contributed to the infringement of the '976 patent,

1 and/or actively induced others to infringe the '976 patent, in this District and
2 elsewhere in the United States.

3      65.    Upon information and belief, defendant Guinot has infringed and
4 continues to infringe the '976 patent by making, using, providing, offering to sell, and
5 selling (directly or through intermediaries), in this District and elsewhere in the United
6 States, microdermabrasion products containing alumina.  Upon information and belief,
7 defendant Guinot has also contributed to the infringement of the '976 patent, and/or
8 actively induced others to infringe the '976 patent, in this District and elsewhere in the
9 United States.

10      66.    Upon information and belief, defendant Lachman has infringed and
11 continues to infringe the '976 patent by making, using, providing, offering to sell, and
12 selling (directly or through intermediaries), in this District and elsewhere in the United
13 States, microdermabrasion products containing alumina.  Upon information and belief,
14 defendant Lachman has also contributed to the infringement of the '976 patent, and/or
15 actively induced others to infringe the '976 patent, in this District and elsewhere in the
16 United States.

17      67.    Upon information and belief, defendant Estée Lauder has infringed and
18 continues to infringe the '976 patent by making, using, providing, offering to sell, and
19 selling (directly or through intermediaries), in this District and elsewhere in the United
20 States, microdermabrasion products containing alumina.  Upon information and belief,
21 defendant Estée Lauder has also contributed to the infringement of the '976 patent,
22 and/or actively induced others to infringe the '976 patent, in this District and
23 elsewhere in the United States.  Upon information and belief, in an effort to license
24 the '976 patent to defendant Estée Lauder, Bella Bella had contacted defendant Estée
25 Lauder offering a license to the '976 patent, but failed in its efforts.  Therefore,
26 defendant Estée Lauder had actual knowledge of the '976 patent, and its continuing
27 acts of infringement constitute willful infringement of the '976 patent.

28

- 16 -

68.     Upon information and belief, defendant Prescriptives has infringed and continues to infringe the '976 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, microdermabrasion products containing alumina.  Upon information and belief, defendant Prescriptives has also contributed to the infringement of the '976 patent, and/or actively induced others to infringe the '976 patent, in this District and elsewhere in the United States.

69.     Upon information and belief, defendant Peter Thomas Roth has infringed and continues to infringe the '976 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, microdermabrasion products containing alumina.  Upon information and belief, defendant Peter Thomas Roth has also contributed to the infringement of the '976 patent, and/or actively induced others to infringe the '976 patent, in this District and elsewhere in the United States.

70.     Upon information and belief, defendant Platinum has infringed and continues to infringe the '976 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, microdermabrasion products containing alumina.  Upon information and belief, defendant Platinum has also contributed to the infringement of the '976 patent, and/or actively induced others to infringe the '976 patent, in this District and elsewhere in the United States.

71.     Upon information and belief, defendant Cosmesis has infringed and continues to infringe the '976 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this District and elsewhere in the United States, microdermabrasion products containing alumina.  Upon information and belief, defendant Cosmesis has also contributed to the infringement of the '976 patent, and/or actively induced others to infringe the '976 patent, in this District and elsewhere in the United States.

- 17 -

72.     Each of the Defendants' aforesaid activities have been without authority and/or license from Bella Bella.

73.     Bella Bella is entitled to recover from the Defendants the damages sustained by Bella Bella as a result of the Defendants' wrongful acts in an amount subject to proof at trial.

74.     Upon information and belief, each of the Defendants' infringement of the '976 patent is willful and deliberate.  Upon information and belief, each of the Defendants' inducement and contributory infringement of the '976 patent is willful and deliberate.  As a result, Bella Bella is entitled to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

75.     Defendants' infringement of Bella Bella's exclusive rights under the '976 patent will continue to damage Bella Bella, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff Bella Bella respectfully requests this Court to enter judgment in its favor against each of the Defendants, granting the following relief:

A.     An adjudication that the Defendants have infringed and continue to infringe claims of the '976 patent;

B.     An award to Bella Bella of damages adequate to compensate Bella Bella for the Defendants' acts of infringement together with prejudgment interest;

C.     An award of Bella Bella's enhanced damages, up to and including trebling of Bella Bella's damages pursuant to 35 U.S.C. §284, for the Defendants' willful infringement;

D.     An award of Bella Bella's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. §285 due to the exceptional nature of this case, or as otherwise permitted by law;

- 18 -

1    E.    A grant of permanent injunction pursuant to 35 U.S.C. §283, enjoining

2  the Defendants from further acts of (1) infringement, (2) contributory infringement,

3  and (3) actively inducing infringement with respect to the claims of the '976 patent;

4  and

5    F.    Any further relief that this Court deems just and proper.

6                                **JURY DEMAND**

7    Plaintiff demands a trial by jury on all issues.

8  DATED: February 25, 2008              COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
9                                         PATRICK J. COUGHLIN
                                          MICHAEL J. DOWD
10                                        RAY A. MANDLEKAR

11

12                                        _____
                                                  PATRICK J. COUGHLIN
13
                                          655 West Broadway, Suite 1900
14                                        San Diego, CA 92101
                                          Telephone: 619/231-1058
15                                        619/231-7423 (fax)

16                                        WARD & OLIVO
                                          JOHN F. WARD
17                                        JOHN W. OLIVO, JR.
                                          DAVID M. HILL
18                                        380 Madison Avenue
                                          New York, NY 10017
19                                        Telephone: 212/697-6262
                                          212/972-5866 (fax)
20
                                          Attorneys for Plaintiff
21  S:\CptDraft\IP (Patent)\Bella Bella.doc

22

23

24

25

26

27

28

- 19 -